IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 05cr312 |
| Plaintiff | : | |
| | : | Judge Jones |
| v. | : | |
| WILLIAM KIRBY | : | |
| Defendant | : | |

## ORDER

August 16, 2005

The practice and procedure in the above criminal case shall be in accordance with the Federal Rules of Criminal Procedure, the Rules of Court for the Middle District of Pennsylvania, except as modified by this Order and other orders of this Court.  The authority for this Order is contained in Local Rule 16.5.

## TABLE OF CONTENTS

¶ 1        Trial

¶ 2        Summary of Indictment

¶ 3        Motions

¶ 4        Ex Parte Motions Trial

¶ 5        Rule 12(b) Motions

¶ 6        Discovery

¶ 7        Pre-trial Procedure

¶ 8        Pre-trial Identification Procedures

¶ 9        Meeting with Client; Appointed Counsel

¶ 10      Psychiatric Examination

¶ 11        Points for Charge

¶ 12        Communications with Court

¶ 13        Pro Se Defendants

¶ 14        Conflict with Rules of Court or Prior Order

¶ 15        Changes of Pleas and Plea Bargains

¶ 16        Pre-Sentence Procedure and Conference

¶ 17        Sanctions

¶ 18        Rights of Defendant

¶ 19        Caption

¶ 20        Fax Copies of Documents.

1.     <u>Trial</u>.  The trial will commence with the drawing of a jury on a date to be determined at the arraignment.

1.1    A motion for a continuance shall be filed no later than ten (10) days prior to the date set for jury drawing.

2.     <u>Summary of Indictment</u>.  Counsel for the government may elect to read the indictment to the prospective jurors at voir dire or to file with the Clerk one week before jury drawing a concise summary of the indictment to be read to the prospective jurors.  Such summary shall avoid, if practicable, a count by count reference to the indictment.  The complete current caption of the case, eliminating pejorative appellations of the Defendants, shall appear on the summary so that the names of all current defendants may be called to the attention of the prospective jurors.  Such summary shall not be bound with other papers.  If defense counsel objects to the summary drafted by government counsel, such defense counsel shall file objections thereto and a proposed alternative summary with the Clerk at least

three (3) working days before the jury drawing.  Promptly thereafter counsel for the Government and the objecting defense counsel shall confer by telephone and attempt in good faith to agree upon a summary of the indictment.  If agreement upon such a summary of the indictment is reached, government counsel shall file the agreed summary of the indictment, so labeled, with the Clerk of Court by 8:30 a.m. on the day the jury drawing is expected to commence.  If no agreement upon such a summary of the indictment is reached, counsel shall notify the Clerk of such fact at least by noon on the working day before the drawing of the jury is expected to commence and the clerk will set a time for a meeting of counsel with the Court to resolve the matter.

   3. <u>Motions (including motions in limine)</u>.

    3.1 <u>Concurrence by Opposing Counsel.</u>  All motions prior to trial shall be electronically filed, and shall, with the exception of <u>ex parte</u> motions, contain a certification by counsel for the movant that he has sought concurrence in the motion by opposing counsel and it has been either given or denied.  See Local Rule 7.1.  If counsel cannot reach opposing counsel to seek such a concurrence, counsel shall be under a continuing duty to seek a concurrence and file the appropriate certificate.   The concurrence need not be sought of or by <u>pro</u> <u>se</u> defendants.  The certificate shall be on a separate sheet of paper, stapled to the motion, immediately following it and before documents, if any, substantiating the motion.  Failure to attach the certificate will result in denial of the motion.

    3.2 <u>Multiple Motions.</u>  Except where alternative motions are filed, no more than one motion shall be under one cover.

3.3     <u>Service by Movant and Respondent.</u>  The provisions of Local Rule 7.2 apply to this case.

3.4     <u>Documents Substantiating Motion.</u>  The provisions of Local Rule 7.3 apply to this case.

3.5     <u>Certificates of Service.</u>  Certificates of service and notices shall be attached to the motion following the certificate of concurrence or non-concurrence.

3.6     <u>Submission of Briefs Supporting Motions.</u>  Where the moving party has secured concurrence in the motion by counsel for each other party and the facts are fully set forth in the motion, the moving party need not file a brief supporting the motion.  In cases where the Court finds that despite concurrence of counsel briefs in support of the motion will be helpful to the Court in disposing of the motion, the Court will order briefing on the motion.  Except as to motions fully concurred in, the provisions of Local Rule 7.5 shall apply to this case.  The supporting brief shall be under separate cover from the motion.  Where a post-trial motion has not been concurred in, within thirty (30) days after the last day of trial, whether or not the transcript has been filed, the moving party shall electronically file a supporting brief with the Court. If the supporting brief is not filed within the time provided in this order or any other briefing schedule set by the Court, such motion will be denied.  Except where alternative motions are filed, each brief shall treat only one motion. No brief shall be filed both in support of a motion and in opposition to another motion.

3.7     <u>Submission of Briefs Opposing Motions.</u>  The provisions

of Local Rule 7.6 shall apply to this case.  However, if the motion is served less than twenty (20) days prior to the date set for the drawing of the jury, the responsive brief shall be filed on a date halfway between the date of service of the motion and the date of the jury drawing.  Any party opposing any post-trial motion shall electronically file a responsive brief with the Court, together with any opposing affidavits, transcripts, or other documents within twenty (20) days after the service of the movant's brief.  Except where alternative motions are filed, each brief shall treat only one motion.  Failure of a respondent to comply with this sub-paragraph or any other briefing schedule set by the Court shall constitute a waiver of opposition to such motion and the motion will be granted.

3.8     <u>Motions to Extend or Shorten Time.</u>  A motion to extend or shorten time may be granted by the Court without waiting for a responsive brief.

3.9     <u>Reply Briefs</u>.  The provisions of Local Rules 7.7 and 7.32 shall apply to this case.  The Court reserves the right to rule on any motion without the benefit of a reply brief.

3.10    <u>Contents of Briefs.</u>  The provisions of Local Rules 7.8 and 7.33 apply to this case.  Photocopies of all articles and opinions not reported in official United States Reports, official Pennsylvania reports, Federal Reporter, Federal Supplement or Federal Rules Decisions shall be submitted with the briefs.

3.11    <u>Submission on Briefs.</u>  The provisions of Local Rule 7.9 shall apply to this case.  Submissions and determinations of motions

shall be upon briefs, without hearing or oral argument, unless the Court specifically directs otherwise.

    3.12   <u>Hearings on Motions.</u>  In any matter in which facts are to be found by the Court, counsel shall file annotated proposed findings of fact and conclusions of law within one (1) hour after the close of the hearing with respect to the same, unless the Court, for good cause shown, extends the filing time.  Proposed findings of fact shall be divided into paragraphs with only one fact allocated to each paragraph.  Each paragraph shall be identified at the end thereof as "Disputed," "Undisputed," or "Undisputed but Objected to" as the case may be.  Abbreviations (D), (U), or (U.O.) are sufficient.  The designation U.O. should be utilized in a case in which counsel does not dispute the factual content of a proposed finding but objects to the proposed finding on another ground, such as relevance.  Each counsel shall initial or sign the findings proposed by opposing counsel at the end thereof to verify that the designations "Disputed," "Undisputed," and "Undisputed but Objected to" are correct.  All counsel shall be at liberty to supplement such findings and conclusions by typewritten or legibly handwritten documents if the request to file such supplements be made orally to the Court prior to the conclusion of the hearing so that a time within which to file such supplemental findings can be set.

    3.12.1 <u>Schedule of Exhibits--Pre-trial and Post-Trial Hearings.</u>  Counsel prior to the commencement of any pre-trial or post-trial hearing shall mark all exhibits which they intend to introduce.  A set of pre-marked documentary exhibits with an

exhibit list in duplicate shall be turned over to the Deputy Clerk before or at the outset of a pre-trial or post-trial hearing.  The exhibit list shall be in the form attached.  Exhibits shall be numbered G1, G2, etc. and D1, D2, etc.  An exhibit may be marked during a hearing only if counsel could not have reasonably anticipated the need to introduce the exhibit.

3.13   <u>Letters</u>.  This Court will not issue an order on the basis of a letter from counsel.  If a party wishes the Court to take action, an appropriate motion, as required by the Federal Rules of Criminal Procedure, shall be submitted to the Court.  Counsel shall ordinarily not supply the Court with copies of letters sent to other counsel.

4.   <u>Ex</u> <u>Parte</u> <u>Motions</u>.  Because of the lead time requested by the Marshal's Service by its directive issued December 15, 1980, all requests to the Court for issuance of subpoenas or <u>writs</u> of <u>habeas</u> <u>corpus</u> <u>ad</u> <u>testificandum</u> with respect to witnesses outside this district which are to be served by a U.S. Marshal shall, except for good cause shown, be filed twenty (20) days prior to the date of the drawing of the jury or if the case is to be tried without a jury, twenty (20) days before the first day of the month in which the case is scheduled to be tried.  All requests for issuance of subpoenas or <u>writs</u> of <u>habeas</u> <u>corpus</u> <u>ad</u> <u>testificandum</u> with respect to witnesses within this district which are to be served by a U.S. Marshal shall, except for good cause shown, be filed ten (10) days prior to the date of the drawing of the jury or, if the case is to be tried without a jury, ten (10) days before the first day of the month in which the case is scheduled to be tried.  All requests for writs or subpoenas shall state with specificity the proposed testimony of each witness and its relevance to the case. The witnesses shall be listed in the order of

preference to the movant.

5.    Rule 12(b) Motions.  Motions under Fed.R.Crim.P. 12(b) shall, except for good cause shown, be filed within fifteen (15) days of arraignment or ten (10) days prior to the date set for drawing of the jury whichever shall first occur.

6.    Discovery.  The following sub-paragraphs relating to discovery shall become effective only if the Defendant makes an oral request therefor on the record at the arraignment or within five (5) working days thereafter, or within five (5) working days after the date of this order, whichever shall last occur, files with the Clerk a written request therefor executed by the Defendant and forwards a copy thereof to Government counsel.  If discovery disputes arise that cannot be resolved by the parties, both parties shall jointly contact the Deputy Clerk prior to filing discovery motions with the Court, in order to arrange a telephone conference with the Court.  A motion filed prior to utilizing this informal method of resolving discovery disputes may be summarily dismissed by the Court.

6.1    Conference.  Within ten (10) days after the date of a request under ¶ 6 by a Defendant, the United States Attorney or one of his assistants, and defense counsel shall meet in the United States Attorney's Office and the Government shall at that time:

6.11    Permit defense counsel to inspect and copy, photocopy, or photograph any relevant written or recorded statements or confessions made by the Defendant or copies thereof within the possession, custody, or control of the Government, the existence of which is known or may become known to counsel for the Government.

6.12   Permit defense counsel to inspect and copy, photocopy, or photograph any relevant results or reports of physical or mental examinations, and scientific tests or experiments made in connection with the case, or copies thereof, which are within the possession, custody or control of the government, or the existence of which is known or may become known to counsel for the Government;

6.13   Permit defense counsel to inspect and copy, photocopy, or photograph any recorded testimony of the Defendant before a grand jury;

6.14   Permit defense counsel to inspect and copy, photocopy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the Defendant and which are within the possession, custody or control of the Government;

6.15   Permit defense counsel to inspect and copy, photocopy, or photograph the Defendant's prior criminal record in the possession of the counsel for the Government;

6.16   Permit defense counsel to inspect, copy, photocopy, or photograph any evidence which the U.S. Attorney reasonably concludes is within the purview of Brady v. Maryland, 373 U.S. 83 (1963).

6.17   If there are multiple defendants named in the indictment and if the Government intends to introduce into evidence in its case in chief a confession made to law

9

enforcement authorities by one defendant which names or makes mention of a co-defendant, then the Government shall make a copy of that statement or confession available to counsel for the non-declarant Defendant along with a proposal for its redaction to conform with the requirements of <u>Bruton v. United States,</u> 391 U.S. 123, 136 (1968).  If the Government makes no such disclosure and turnover, the confession may not be received at a joint trial of the declarant and non-declarant defendants.  If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant Defendant makes no objection to the redacted statement, he will be deemed to have acceded to the admission of the redacted statement into evidence.

6.2   <u>Disclosure Declined.</u>

6.21   If, in the judgment of Government counsel, it would be detrimental to the interests of justice to make any of the disclosures set forth in ¶ 6.1, disclosure may be declined provided defense counsel is advised in writing of the declination on or before the date of the conference between counsel.

6.22   If the Defendant seeks to challenge the declination, or if the Government fails to respond to a request,  the Defendant may move the Court for relief in the following manner:

6.22.1 First, both parties shall jointly contact the

Deputy Clerk before filing a motion for discovery or inspection in the matter.

6.22.2 If consultation with the Deputy Clerk in the challenge to the declination does not provide the Defendant with relief, then no later than fifteen (15) days after the conference between counsel, the Defendant shall file a motion for discovery or inspection.

6.22.3  The motion shall set forth: (1) a statement showing the date and time that the prescribed conference between counsel was held; (2) the name of the Assistant United States Attorney with whom the conference was held; (3) all matters which were agreed upon; and (4) the matters which are in dispute and which require the determination by the Court.

6.23  <u>Reciprocal Discovery</u>.  The Defendant shall provide Government counsel with reciprocal discovery pursuant to F.R.Crim.P. 16(b)(1)(A) and (B).

7.   <u>Pre-trial Procedure</u>.

7.1  <u>Submission of Documents to the Court.</u>  The Government and defense counsel shall submit to the Court, but not to opposing counsel, the following, numbered in accordance with this paragraph:

7.11 <u>Schedules of Exhibits--Government</u>.  The Government shall pre-mark all exhibits which it intends to introduce as part of its direct case and shall permit defense counsel to inspect and copy these exhibits not later than seven

(7) days prior to the selection of the jury or as soon after arraignment as possible and before the jury selection if jury selection is less than ten (10) days after arraignment.  Three (3) sets of pre-marked documentary exhibits with an attached exhibit list shall be turned over to the Deputy Clerk before or at the outset of trial for the use of the Court.  The exhibit list shall be in the form attached.  Exhibits shall be numbered G1, G2, etc.  The Government shall also pre-mark all Jencks Act materials so that no trial delay is encountered when they are turned over to Defendant's counsel.  Only exhibits so listed may be offered in evidence at the trial except for good cause shown.

      7.12  <u>Schedules of Exhibits--Defendant.</u>  The Defendant's exhibits shall also be pre-marked but if the discovery provisions of ¶ 6 have not been invoked, need not be disclosed until actually used at trial.  Three (3) sets of pre-marked documentary exhibits with an exhibit list in duplicate shall be turned over to the Deputy Clerk before the first defense witness is called to testify.  The exhibit list shall be in the form attached and exhibits shall be numbered Dl, D2, etc., unless there are multiple Defendants, in which case appropriate initials shall be used to distinguish exhibits of the various Defendants.  Only exhibits so listed may be offered in evidence at the trial except for good cause shown.  The defense shall submit its exhibit list to the Court prior to the calling of the first defense witness.

7.2     Authenticity of Exhibits.  The authenticity of all exhibits examined by defense counsel pursuant to the provisions of ¶ 7.11 of this Order will be deemed to have been accepted by the Defendant unless defense counsel files with the Court at least five (5) days prior to the date of the drawing of the jury;

7.21  A notice that the authenticity of the particular exhibit or exhibits will be contested by the Defendant at the trial,

7.22   A statement delineating why the authenticity of each particular exhibit is being challenged, and

7.23   A certificate that the challenge to authenticity is being made in good faith.

7.3     Chain of Possession.  When defense counsel has examined an exhibit pursuant to this Order, the chain of possession of the exhibit will be deemed to have been accepted by the Defendant unless defense counsel files with the court within the time set forth in the previous sub-paragraph relating to challenge of authenticity of exhibits:

7.31  A notice that the chain of possession of the exhibit will be contested by the Defendant at trial,

7.32  A statement delineating why the chain of possession of each particular exhibit is being challenged, and

7.33   A certification that the challenge to the chain of possession is being made in good faith.

7.4     Scientific Analysis.  When the Government has disclosed

13

to defense counsel the scientific analysis of an exhibit proposed to be introduced at the trial by the Government which has been determined by an expert in the field of science involved, the scientific analysis of the exhibit will be deemed admissible in evidence unless defense counsel files with the court within the time set forth in ¶ 7.2 relating to challenge of authenticity of exhibits:

      7.41  A notice that the scientific analysis of the exhibit will be contested by the Defendant at trial.

      7.42  A statement delineating the scientific analysis of each particular exhibit is being challenged, and

      7.43  A certification that the challenge to the scientific analysis of the exhibit is in good faith.

8.    <u>Pre-trial Identification Procedures.</u>  For purposes of the orderly disposition of the case, the Government shall notify the Defendant and the Court of any pre-trial identification procedures with respect to witnesses whom the Government intends to call at trial.  This procedure will not be followed in those cases where the Government reasonably believes and the Court finds on <u>ex parte</u> motion of the Government that exceptional circumstances exist for suspension of the provisions of this paragraph.

9.    <u>Meetings with Client, Appointed Counsel.</u>

      9.1    Whenever an appointment of counsel is made more than three working days in advance of the time set for arraignment, counsel shall meet with the Defendant no less than twenty-four (24) hours prior to the time set for the arraignment and shall fully discuss the case.

9.2     Whenever counsel for a Defendant wishes to meet with a federal inmate at the United States Penitentiary at Lewisburg, Pennsylvania, the United States Prison Camp at Allenwood, Pennsylvania, the Allenwood Federal Correctional Complex (consisting of a United States Penitentiary, a Federal Correctional Institution and a Low Security Correctional Institution) at White Deer, Pennsylvania, or the Muncy Correctional Institution, the attorney shall place a telephone call to a responsible individual at the institution not less than three (3) hours prior to the time when a meeting with the inmate is desired.  The time chosen by the attorney shall not be so early or so late in the day as to constitute an unreasonable burden on the authorities.

9.21  The authorities at the facilities named in ¶ 9.2 shall present the inmate to the attorney at a suitable and convenient location for private consultation at the specified time.

9.22  Whenever an attorney wishes to meet with an inmate at one of the institutions named in ¶ 9.2 but fails to give the required notice, the customary procedure shall be followed whereby the attorney requests to see the inmate and prison authorities attempt as speedily as possible, to make the inmate available to the attorney.

9.23  An attorney shall apply for compensation for the time consumed in awaiting the arrival of an inmate only if he has given the notice required by ¶ 9.2 or there is good cause why such notice could not be given.

15

9.24  Relief from the provisions of ¶ 9.2 may be sought by the attorney or counsel for the prison authorities on the basis of good cause by placing a conference call to the undersigned judge.

10.  <u>Psychiatric Examination.</u> An application for a psychiatric examination of a defendant shall cite the statutory authority under which the examination is sought, shall state the grounds on which the necessity of such examination is based, and shall contain a list of three alternative dates and times on which a psychiatrist or psychiatrists have agreed to examine the Defendant if the motion is granted and whose offices are within 50 miles of the site designated for trial.  An exception to this 50-mile provision will be granted for good cause shown.

11.  <u>Points for Charge.</u>  Counsel for the Government and the defense shall file their points for charge no later than three (3) working days before trial. Points for charge shall be submitted one to a page, identified by the name of the party and a number, and shall state the best authority for the point.  Only the first page need contain the caption.  If the best authority cited is not reported in the U.S. Reports, official Pennsylvania appellate reports, Federal Reporter, Federal Supplement, or Federal Rules Decisions, a photocopy of the pertinent opinion shall be submitted with the point.  Supplemental points for charge may be submitted for matters arising during the trial which could not reasonably have been anticipated by the party submitting such additional points.

12.  <u>Communications with Court.</u>  All letters and other documents shall be electronically filed. No counsel shall meet with the Court or with a law clerk on a matter relating to this case unless opposing counsel be present.  Counsel shall not communicate with the Court or with a law clerk by telephone on a matter

relating to this case except by conference call with other counsel on the line, unless it be to report a proposed change of plea.  See ¶ 3.13.

13.   Pro Se Defendants.  Unless otherwise specifically provided in this order, any defendant who is not represented by counsel shall have all the duties hereunder which would normally be placed upon his counsel by this Order.

14.   Conflict with Rules of Court or Prior Order.  Should any provision of this order conflict with any Rule of the United States District Court for the Middle District of Pennsylvania or any standing order of this Court or District, such conflicting provision of this order shall control and the Rule of Court or standing order shall be suspended in the above-captioned action to the extent that it conflicts with this order.  If any provision of this order conflicts with a prior order in this case, such prior order shall be revoked to the extent that it conflicts with this order.

15.   Changes of Pleas and Plea Bargains.  Notice of a Defendant's intention to plead guilty shall be given to the Clerk at least three (3) working days before the scheduled jury drawing date so that a hearing thereon may be placed onto the Court's calendar before the jury drawing date.  In cases involving narcotics, prior to the guilty plea hearing both counsel and the Defendant shall execute a stipulation of facts and reasons in support of the guilty plea in conformity with § 6B1.4 of the United States Sentencing Guidelines, which fully discloses the actual relevant facts of the case, including known drug quantities, and sets forth with meaningful specificity the reasons why the sentencing range resulting from the proposed plea is appropriate.  All plea bargains shall be reduced to writing prior to the guilty plea hearing and shall be executed by all parties prior to the entry of the guilty plea.  A copy of the plea agreement and the foregoing

stipulation shall be submitted to the Court at least twenty-four (24) hours prior to the hearing scheduled for the proposed change of plea.  In cases which do not involve narcotics, counsel and the Defendant may execute and file such a stipulation but are not obliged to do so.  If they elect to execute and file the same, a copy shall be submitted to the Court at least twenty-four (24) hours prior to the hearing scheduled for the proposed change of plea.  Copies submitted to the Court prior to the hearing need not be executed.  If either or both counsel deem it advisable, the statement of facts and reasons may be filed under seal.  Where no such stipulation is executed by the Defendant, the Defendant shall execute a statement substantially in the form attached at least by the time of the guilty plea hearing.

     16.  <u>Presentence Procedure and Conference.</u>  In the event of a guilty plea or a conviction, the following presentence procedures shall take effect:

     16.1  The Probation Officer shall notify defense counsel of the time and place where the probation officer proposes to interview the defendant for purposes of preparing the presentence report.  Defense counsel shall be entitled to be present at such interview:

     16.11  To assist in answering inquiries of the Probation Officer;

     16.12  To assist in resolving factual issues in question;

     16.13  To protect the Defendant against incrimination, regarding other pending indictments and investigations or both; and

     16.14  To protect the Defendant's rights with respect to an appeal of conviction.

16.2   The Probation Officer shall furnish to the Court, government counsel, and defense counsel, as far in advance of the presentence conference as practicable, a copy of the presentence report.

16.3   Prior to the presentence conference, defense counsel shall familiarize himself with the contents of the presentence report, including the evaluative summary, and any special medical or psychiatric reports pertaining to the Defendant, and shall discuss the report with the Defendant, excluding from such discussion any medical or psychiatric data, knowledge of which may be detrimental to the Defendant's well-being.

16.4  Defense counsel shall report orally to the Court at the presentencing conference on the following issues:

16.41  The accuracy of the presentence report;

16.42  Any additional facts relevant to sentencing;

16.43  Recommended sentencing alternatives.

16.5  Defense counsel may submit sentencing memoranda covering the matters in the preceding paragraph to the Court at the presentence conference.

16.6  The United States Attorney shall advise the Court on the record or in writing of any cooperation rendered by the Defendant to the Government.  A copy of any written statement of the United States Attorney with respect to cooperation rendered by the Defendant shall be sent or delivered to defense counsel by the United States Attorney unless the United States Attorney shows good cause for

nondisclosure.

16.7  The Probation Officer shall in preparation of the presentence report:

16.71  Consider any sentence or correctional proposals which Defendant or his counsel may have suggested, and

16.72  Consider any specific factual and opinion evidence relating to Defendant's physical or mental condition which Defendant or his counsel may have suggested.

16.8  At the presentence conference, counsel for both sides shall be prepared to discuss whether there are any disputed facts which may form the basis of a sentence and which will require a hearing thereon.

16.9  At the presentence conference, counsel for both sides shall be prepared to discuss whether there are objections to the application of the Sentencing Guidelines by the probation officer to this case.

16.10  The presentence conference will be scheduled at the conclusion of the guilty plea or upon the return of a guilty verdict, as the case may be.

16.11  Any presentence hearing and sentencing will be scheduled at the presentence conference.

17.     <u>Sanctions</u>.  Failure of the Government or the defense to comply with the provisions of this or any other order entered in this case may result in dismissal of the indictment or such other sanctions as the Court may deem just.

18.     <u>Rights of Defendants.</u>  If any provision of this order or any other order of this Court is deemed by Defendant or his counsel to infringe on any right granted to Defendant by the Constitution, statute, rule or case law, defense

counsel shall move promptly for the modification of such provision.

       19.    <u>Caption</u>.  The caption of the case in all documents hereafter filed shall show the name of the judge in accordance with Local Rule 5.3.

       20.    <u>Fax Copies of Documents</u>.  If counsel is waived from the electronic filing requirement documents shall be filed in the Clerk's Office in Williamsport. In addition, counsel shall on the day of filing fax copies of such documents, excluding exhibits, to the Clerk's Office in Williamsport for immediate delivery to the judge.  The fax number of the Clerk's Office in Williamsport is 570-323-0636.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Court